# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>        Plaintiff,<br><br>    v.<br><br>BIANCA ESTRADA, doing business as La Perla Tapatia Taqueria, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00949-SKO<br><br>**ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**<br><br>**14 DAY DEADLINE** |

On August 1, 2025, Plaintiff Jose Escobedo ("Plaintiff") filed his complaint against Defendants Bianca Estrada, doing business as La Perla Tapatia Taqueria; Martin Hernandez, doing business as La Perla Tapatia Taqueria; Pritam S. Grewal; Manjeet K. Grewal; and Dev S. Grewal, alleging claims under the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and California's Health and Safety Code. (Doc. 1). These claims stem from alleged barriers Plaintiff encountered (such as insufficient accessible parking spots and uneven paths of travel) while he visited "La Perla Tapatia Taqueria," a facility owned, operated, or leased by Defendants. (*See id.*)

Based upon the Ninth Circuit opinion in *Vo v. Choi*, the Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

In the Unruh Act, a state law cause of action expands the remedies available in a private action. California, in response to the resulting substantial volume of claims asserted under the Unruh

Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). The requirements apply to claims brought under the Unruh Act as well as to related claims under the California Health & Safety Code. *See Gilbert v. Singh*, No. 1:21cv1338-AWI-HBK, 2023 WL 2239335, *2 (E.D. Cal. Feb. 27, 2023).

California imposes additional limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). The definition of "high-frequency litigant" also extends to attorneys. *See* Cal. Civ. Proc. Code § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act and the California Health & Safety Code . *See Arroyo*, 19 F.4th at 1206-07, 1212; *Gilbert*, 2023 WL 2239335, *2. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See generally, Arroyo*, 19 F.4th at 1211–12; *Vo v*, 49 F.4th at 1171–72.

In an action in which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

A review of Plaintiff Jose Escobedo's prior cases from this District reveals that he has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint.[1] *See Jacobsen v. Mims*, No. 1:13-cv-00256-SKO-HC, 2013 WL 1284242, at *2 (E.D. Cal. Mar. 28, 2013) ("The Court may take judicial notice of court records.").

Accordingly, Plaintiff is ORDERED to show cause, in writing, **within fourteen (14) days of service of this order**, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff is warned that a failure to respond may result in a recommendation to dismiss of the entire action without prejudice. Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to . . . comply with . . . a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). An inadequate response may result in a recommendation that supplemental jurisdiction over Plaintiff's state law claims be declined and that they be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated:   **August 5, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, Plaintiff recently filed a response in another case on May 14, 2025, acknowledging that he would be considered a high-frequency litigant under California law. *See Escobedo v. Carrillo*, 1:25-cv-00479-KES-BAM (Doc. 6, p. 2: "Plaintiff acknowledges that he would be considered a high-frequency litigant under California law as he filed more than ten construction-related accessibility claims in the twelve months preceding the filing of the instant action.").